UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMERITOX, LTD., ) | |
| ) | MD/TN Case No. 3:12-mc-0075 |
| Plaintiff, ) | |
| ) | Action Pending in the Middle |
| v. ) | District of Florida, Ameritox, Ltd. |
| ) | v. Millennium Laboratories, Inc. |
| MILLENNIUM LABORATORIES, INC., ) | Civil Action No. 8:11-cv-00775-T- |
| ) | 24 TBM |
| Defendant/Movant. ) | |

**ORDER**

This matter is before the Court upon a "Motion to Quash Subpoena Duces Tecum to Third Party Aegis Sciences Corporation or, in the Alternative, for a Protective Order" filed by Millennium Laboratories, Inc. ("Millennium"). Docket No. 1. Millennium has also filed a supporting Memorandum of Law (Docket No. 2), and the Declaration, with Exhibits, of Paul Wern (Docket Nos. 3 - 3-8).

Ameritox, LTD ("Ameritox") has filed a Response in Opposition to the Motion, with Exhibits (Docket Nos. 6 - 6-28), and Millennium has filed a Reply (Docket No. 12). Millennium has also filed Supplemental Authorities in support of its Motion (Docket No. 15), to which Ameritox has responded (Docket No. 18).

The subpoena at issue was issued by Ameritox, to Aegis Sciences Corporation ("Aegis"), in conjunction with a case currently pending between Ameritox and Millennium in the United States District Court for the Middle District of Florida. *See Ameritox, Ltd. v. Millennium Laboratories, Inc.,* Civil Action No. 8:11-cv-00775-T-24 TBM. The subpoena served upon Aegis lists the place of production to be Nashville, Tennessee. Docket No. 3, Ex. B.

Accordingly, Millennium filed its Motion to Quash in this District.

It is important to note that the subpoenaed third-party, Aegis, has filed nothing with this Court regarding the subpoena.

Apparently, Aegis and Millennium were parties in a separate litigation, which has since been settled. *See* Docket No. 1., p. 1. Ameritox seeks documents, deposition transcripts, and exhibits from Aegis that relate to Millennium, that were produced by Millennium in Aegis' now-settled litigation with Millennium. *See* Docket No. 3, Ex. B, Schedule A. As discussed above, there is nothing in the record demonstrating that Aegis objects to producing the requested documents. Millennium, however, objects to Aegis producing the requested documents, arguing that: (1) the requests are overbroad; (2) the "vast majority" of the materials are shielded from disclosure by a Protective Order issued by the Unites States District Court for the Southern District of Florida; (3) "there is no reason to believe" that any of the responsive materials are relevant to the claims between Ameritox and Millennium; and (4) the subpoena is "duplicative of overbroad document requests already served on Millennium." Docket No. 1, p. 1-2.

Ameritox responds that: (1) its subpoena is narrowly tailored; (2) Aegis has not objected to producing the requested information; (3) as a party to the litigation with Ameritox, Millennium lacks standing to move to quash the subpoena to third-party Aegis; (4) the requested documents are "highly relevant" to Ameritox's claims against Millennium because the "factual allegations and asserted causes of action are virtually identical to the factual allegations and causes of action that Aegis asserted against Millennium"; (5) the requested documents are not duplicative because "even though Millennium may have access to the documents it has so far refused to produce the requested information"; (6) the information requested "presumably" has

been collected, reviewed, processed, produced, and electronically stored such that Aegis need only make an electronic copy for production to Ameritox, thereby making Aegis' compliance with the subpoena the "most expedient avenue for efficient discovery"; and (7) nothing in the Aegis litigation stipulated Protective Order precludes Aegis from producing the requested information - rather, it "specifically provides for how Millennium and Aegis should respond and comply with the subpoena" and will "adequately protect any confidential information that Aegis produces." Docket No. 6, p. 1-3.

Millennium replies that Ameritox should seek the requested documents directly from Millennium in the normal course of discovery, and not issue a subpoena to a third-party that has no part in the dispute. Docket No. 12, p. 1. Millennium also replies that the reason Aegis has not objected to producing the requested information is because it is "specifically prohibited from asserting objections by the terms of its Protective Order with Millennium in their prior litigation." *Id.*, fn. 1. Millennium further argues that Ameritox has already issued Rule 34 document requests to Millennium, seeking identical materials, such that it should be precluded from trying to obtain the same information from a third-party source. *Id.*, p. 1-2. Millennium additionally asserts that it does, in fact, have standing to file the instant Motion because it has "some personal right or privilege," since it "has a right to protect its own documents and testimony from being obtained by Ameritox, in contravention of the terms of that Protective Order." *Id.*, p. 3-4. Millennium notes that Ameritox sought the documents from Aegis *before* it served the Rule 34 request on Millennium, such that Ameritox's position that Millennium was somehow being uncooperative was "mere pretext." *Id.*, p. 4. Millennium reiterates its position that the Protective Order issued by the United States District Court of the Southern District of

3

Florida should apply to prevent compliance with the subpoena at issue. *Id.*, p. 7-9. Finally, Millennium reiterates its position that the requests are overbroad and not narrowly tailored, because they seek "*all*" documents, deposition transcripts, and exhibits "which relate, in *any* way" to Millennium. *Id.*, p. 10 (emphasis added).

Millennium has included in its Motion a statement certifying that its counsel has conferred with counsel for Ameritox in a good faith, but unsuccessful, effort to resolve by agreement the issues raised. *See* LR 37.01(b)(3). Although Millennium has complied with part of Local Rule 37.01, it has, however, failed to comply with Local Rule 37.01(a), which requires that, prior to the filing of any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute; and the joint written statement shall be attached to any discovery motion. Millennium has not filed the required joint written statement. Because Millennium has failed to comply with Local Rule 37.01(a), its Motion will be denied.

Even if Millennium had complied with Local Rule 37.01(a), however, its Motion would still be denied for the following reasons. Although Millennium argues that Ameritox should seek the requested documents directly from Millennium in the normal course of discovery, and not issue a subpoena to third-party Aegis, Millennium has cited no provision of either the Federal Rules of Civil Procedure or the Local Rules which prohibits Ameritox from subpoenaing the information from Aegis. Additionally, Millennium acknowledges that Ameritox has requested the identical materials from it. Millennium can, therefore, produce the requested materials on its own, regardless of whether Aegis complies with the subpoena at issue. Moreover, although Millennium argues that the Protective Order issued in the now-settled

4

litigation between Millennium and Aegis prohibits Aegis from objecting to producing the requested information, Millennium has not cited to any of the Protective Order's 24 numbered paragraphs to support that assertion, nor has Millennium cited any authority for the proposition that its agreement with Aegis somehow limits this Court's ability to order production of the requested material. The undersigned notes that, as the Movant, it is Millennium which bears the burden of establishing that the instant Motion should be granted.

Additionally, with respect to Millennium's argument regarding Ameritox's issuance of the subpoena at issue to Aegis prior to serving its Rule 34 requests to Millennium, Fed. R. Civ. P. 26(d)(2)(A) provides that "methods of discovery may be used in any sequence." Accordingly, Ameritox may issue a subpoena to Aegis before it requests discovery from Millennium. As noted above, Millennium acknowledges that Ameritox has requested the same materials from it; whether Aegis complies with the subpoena at issue does not prevent Millennium from producing the requested materials first. Although Millennium complains that the request for materials is overbroad, the request explicitly seeks only materials relating to Millennium that were produced in the now-settled litigation between Millennium and Aegis. The documents are relevant because Ameritox's factual allegations and asserted causes of action are "virtually identical" to the factual allegations and causes of action that Aegis asserted against Millennium. To the extent that Ameritox seeks confidential information, the Protective Order issued in the now-settled litigation between Millennium and Aegis provides for the safe production of that information.

For the foregoing reasons, the instant Motion (Docket No. 1) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

6